# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

| | |
|---|---|
| **SHAKEEM HERATIO CRAWFORD**, <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Respondent. | Civil No.: 3:16CV60 <br> Criminal No.: 3:06CR69 <br> (JUDGE BAILEY) |

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

On May 9, 2016, SHAKEEM HERATIO CRAWFORD("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 3:16CV60, ECF No. 1; Criminal Action No. 3:06CR69, ECF No. 308).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing.[2] For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action.
[2] The Petitioner failed to file his motion on Court-approved forms as required by LR PL P 3.4. A Notice [ECF No. 312] of Deficient Pleadings was mailed to Petitioner on May 10, 2016, allowing Petitioner 21 days to refile his motion using the Court-approved form. Given the recommendation herein, Petitioner is NOT required to submit his motion on Court-approved forms.

1

## II. FACTS

Following a jury trial, the Petitioner was found guilty of conspiracy with intent to distribute to distribute 50 grams or more of cocaine base, also known as "crack," a Schedule II controlled substance cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). 841(a)(1); distribution or aiding and abetting the distribution of a mixture or substance containing 1.17 grams of cocaine base, also known as "crack" a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; possession with intent to distribute a mixture of substance containing less than 5.0 grams of cocaine base, also known as "crack" a Schedule II narcotic drug controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and possession with intent to distribute or aiding and abetting the distribution of a mixture or substance containing approximately 1.72 grams of cocaine base, also know as "crack" a Schedule II narcotic drug controlled substance in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On December 11, 2007, the Petitioner was sentenced to a term of 360 months imprisonment on each of the four counts to run concurrently followed by 10 years of supervised release for one count and 6 years of supervised release for each of the other counts to run concurrently. Judgment, ECF No. 196. According to the Pre-Sentence Report ("PSR"), Petitioner was a career offender within meaning of U.S.S.G. § 4B1.1 of the guidelines for the following reasons (1) Petitioner was 18 years or older at the time of the commission of the instant offense; (2) the instant offense was a felony involving a controlled substance; and (3) Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. PSR at 5, ECF No. 188.

The Petitioner did file an appeal of his conviction or sentence, which conviction was affirmed by the Fourth Circuit Court of Appeals on September 5, 2008. ECF No 212.

On August 26, 2009, the Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 232. On January 27, 2011, United States Magistrate Judge John S. Kaull entered a Report and Recommendation in which he recommended that the Petitioner's § 2255 Motion be denied and dismissed on the merits. R&R, ECF No. 253. On February 22, 2011, the Court adopted the Report and Recommendation, and denied and dismissed the Motion to Vacate with prejudice. ECF No. 255.

In this second Motion to Vacate Under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in Johnson v. United States[3], his career offender status is no longer valid under the residual clause. Accordingly to the PSR, the two previous felony convictions that qualified petitioner as a career offender were Attempted Criminal Sale of Controlled Substances in New York and Possession with Intent to Distribute Cocaine in Maryland. PSR at 5, ECF No. 188. Neither of these felonies involve a crime of violence; therefore the residual clause of U.S.S.G § 4B1.2(a) is not applicable in this case.

In Johnson, the Supreme Court considered a provision of the Armed Career Criminal Act that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g). Because the Petitioner was sentenced as a career offender, and not as an armed

---

[3] 135 S.Ct. 2551 (2015).

career criminal, it does not appear that Johnson applies to his sentence.[4] However, even if applicable, the Petitioner's pending § 2255 motion is due to be dismissed for the reason discussed more fully below.

### III.   ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. In order for a motion to be considered successive, a prior motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

Here, it is clear that one of Petitioner's prior habeas petitions was dismissed on the merits. Thus, the undersigned finds that the current § 2255 motion is a second or

---

[4] The Court acknowledges that since Johnson was decided, many prisoners who were given enhanced sentences under § 4B1.1 of the United States Sentencing Guidelines ("USSG") as career offenders have challenged their sentences by arguing that the residual clause of the career enhancement is unconstitutionally vague.  The residual clause of USSG § 4B1.2(a)(2) is identical to the residual clause in the ACCA that Johnson ruled unconstitutional. There is a split of authority among districts in this Circuit and among the Circuits as well regarding whether Johnson is applicable to the residual clause of USSG § 4B1.2(a)(2).  However, the Fourth Circuit heard oral arguments on January 28, 2016, in In re Hubbard, No. 15-0276. The court's decision, when issued, is expected to address whether the Supreme Court's holding in Johnson applies to the USSG and renders the residual clause of the career offender provision unconstitutionally vague.

successive motion and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:16CV60, ECF No. 1; Criminal Action No. 3:06CR69, ECF No. 308] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable JOHN PRESTON BAILEY, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this

Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 5-12-2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE